UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
RODMAN FRANK,

                     Plaintiff,

    -against-

J AND J GYM FLOORS LLC, and
JOHN SCILLIERI, individually,

                     Defendants.
-----------------------------------------------------------------X

Civil Case No: 2:18-cv-17734

**COMPLAINT**

Plaintiff Demands A
Trial by Jury

Plaintiff, RODMAN FRANK, (hereinafter referred to as "Plaintiff" and/or "FRANK"), by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants J AND J GYM FLOORS LLC (hereinafter referred to as "J&J") and JOHN SCILLIERI (hereinafter referred to as "SCILLIERI"), individually, (hereinafter collectively referred to as "Defendants"), upon information and belief, as follows:

**NATURE OF CASE**

1. Plaintiff brings this action, charging that the Defendants violated Plaintiff's rights pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and to remedy violations of the New Jersey Wage and Hour Law ("NJWHL") and the New Jersey Prevailing Wage Act ("NJPWA"), based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff has suffered as a result of, *inter alia*, Defendants.

## JURISDICTION AND VENUE

2.  Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under the FLSA. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto. This case involves questions of Federal law.

3.  Additionally, this Court has supplemental jurisdiction under the State law causes of action asserted in this action.

4.  Venue is proper in this District based upon the fact that the events or omissions that gave rise to the claims asserted herein occurred within the District of New Jersey.

## PARTIES

5.  Plaintiff is an individual man who is a resident of the State of New Jersey, County of Morris.

6.  At all times material, Defendant J&J is a domestic limited liability company duly existing by the virtue and laws of the State of New Jersey that does business in New York, New Jersey, Connecticut, , Pennsylvania.

7.  At all times material, Defendant J&J owns and operates a professional flooring company that installs and refinishes gymnasium floors on private and public projects.

8.  At all times material, Defendant J&J's public projects include flooring for colleges, universities, YMCAs, and public schools (elementary, middle and high schools).

9.  At all times material, Defendant SCILLIERI is an individual man who is a resident of the State of New Jersey, County of Passaic.

10. At all times material, Defendant SCILLIERI was and is the Owner of Defendant J&J.

11. At all times material, Defendant SCILLIERI held supervisory authority over Plaintiff, controlling many tangible aspects of Plaintiff's job duties, including the power to hire and fire Plaintiff.

## FACTUAL ALLEGATIONS

12. Defendants hired Plaintiff in or around May 2010 as an apprentice. At this time, Plaintiff's primary job function was assisting Defendant SCILLIERI in the installation and refinishing of gymnasium floors in New York, New Jersey, Connecticut, and Pennsylvania.

13. In or around the summer of 2010, Plaintiff worked primarily during the summer session, which spanned from June through September. After the summer of 2010, Plaintiff gradually started to work beyond the summer months, typically working 10-11 months out of the year.

14. At all times material, the NJPWA entitles contractors and subcontractors working on public projects to a prevailing wage, which is $77 dollars an hour.

15. At the time Plaintiff's employment began, Defendants deceptively failed to inform Plaintiff that he was entitled to $77 dollars an hour while working on public projects.

16. Instead, Defendants intentionally neglected their obligation to pay Plaintiff at the appropriate wage and offered him a mere $22.50 dollars an hour.

17. Defendants failed to pay Plaintiff at the appropriate wage pursuant to the NJPWA.

18. Defendants violated the NJPWA by failing to pay Plaintiff at the appropriate prevailing wage for his work on Defendant J&J's public projects.

19. In or around July 2011, Plaintiff began refinishing floors on his own and was no longer an apprentice of Defendant SCILLIERI.

20. At the same time, in or around the summer of 2011, Defendants' business began to grow and Defendants began delegating more responsibility to Plaintiff.

21. As Plaintiff's responsibilities grew, Plaintiff requested a raise from Defendant SCILLIERI to compensate him for his additional responsibilities.

22. Defendant SCILLIERI granted Plaintiff a menial wage increase to $34 dollars an hour. Notwithstanding the raise in pay, Defendants were still paying Plaintiff significantly less than the prevailing wage pursuant to the NJPWA, which was $77 dollars an hour.

23. Defendants continued to willfully and intentionally pay Plaintiff substantially less than the prevailing wage as set forth by the NJPWA.

24. In or around June 2012, Plaintiff began working 60-80 hours weekly.

25. At this time, Defendants compensated Plaintiff for his overtime hours at his straight time rate of $34 dollars an hour.

26. Defendants failed to pay Plaintiff at the proper rate of pay under the FLSA and the NJWHL which is time and a half for hours worked over 40 hours a week.

27. Defendants failed to pay Plaintiff at the appropriate prevailing wage and to properly compensate Plaintiff for his overtime pay at a rate of time and a half.

28. Plaintiff complained to Defendant SCILLIERI regarding his overtime pay and expressed that Defendants failed to pay him at the appropriate rate for his overtime hours.

29. In an attempt to silence Plaintiff's concerns, Defendant SCILLIERI deceptively offered Plaintiff a raise to $40 dollars an hour.

30. From 2011 through 2014, Plaintiff consistently worked 60-80 hours weekly and was only compensated at the rate of straight time. During this time, Plaintiff regularly complained that Defendants were not compensating him fairly, properly, or legally.

31. Despite Plaintiff's frequent complaints, Defendants continuously failed to pay Plaintiff at the appropriate wage pursuant to the FLSA and NJWHL.

32. Defendants also continually failed to pay Plaintiff the mandatory prevailing wage for his work on public flooring projects pursuant to the NJPWA.

33. Defendants willfully violated the FLSA, NJWHL, and the NJPWA when they repeatedly failed to pay Plaintiff the appropriate wage at a rate of time and a half.

34. Beginning in or around June 2014, Plaintiff began working as a foreman and was responsible for managing his own crews on floor installation and refinishing. At this time, Plaintiff was still working 20-40 hours of overtime weekly, all of which Defendant SCILLIERI compensated Plaintiff at the rate of straight time.

35. In or around June 2015, Defendant SCILLIERI raised Plaintiff's pay to $55 dollars an hour, which was still significantly lower than the mandatory prevailing wage of $77 dollars an hour.

36. Defendants continuously and willfully failed to uphold their obligation to pay Plaintiff at the appropriate prevailing wage pursuant to the NJPWA for his work on Defendants public projects.

37. Defendants also willingly and knowingly refused to comply with their obligation to compensate Plaintiff at the rate of time and a half as set forth by the FLSA and the NJWHL.

38. In or around 2016, Defendants raised Plaintiff's pay to $58 dollars an hour which is still significantly lower than the prevailing wage that Plaintiff was entitled to on public projects.

39. In or around 2016, Plaintiff frequently argued with SCILLIERI regarding the underpayments of Plaintiff's overtime and prevailing wage.

40. On or about July 30, 2017 Defendants constructively discharged Plaintiff's employment due to Defendants willful failure to compensate Plaintiff at the appropriate rate for his overtime and work on public projects.

41. Plaintiff worked for Defendants from June 2010 through July 30, 2017.

42. During the duration of Plaintiff's employment, Defendants willfully failed to compensate Plaintiff for his overtime at the appropriate rate of time and a half and also intentionally failed to pay Plaintiff at the appropriate prevailing wage.

43. Plaintiff claims a continuous practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

44. Defendants intentionally failed to comply with the NJPWA when they neglected their responsibility to pay Plaintiff at the appropriate prevailing wage.

## AS A FIRST CAUSE OF ACTION
## FOR UNPAID OVERTIME
## UNDER THE FAIR LABOR STANDARDS ACT
## (AGAINST ALL DEFENDANTS)

45. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

46. Defendants willfully employed Plaintiff in the aforementioned enterprise for work weeks longer than 40 hours and failed to compensate Plaintiff for his employment in excess of 40 hours per week, at a rate of at least one and one-half times the rate at which he was employed.

47. Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. §201 et seq. and its implementing regulations.

48. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA, was a direct violation of the FLSA, specifically 29 U.S.C. §207.

49. Defendants' failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of 29 U.S.C. §255.

50. Plaintiff also seeks liquidated damages under the FLSA.

51. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

52. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SECOND CAUSE OF ACTION
### FOR UNPAID OVERTIME
### UNDER THE NEW JERSEY WAGE AND HOUR LAW
### (AGAINST ALL DEFENDANTS)

53. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54. The overtime wage provisions of the NJWHL and its supporting regulations, N.J.S.A §34:11-56a *et seq.* and N.J.A.C. § §12:56-15 *et seq.*, apply to Defendants and protect Plaintiff.

55. Defendants have failed to pay the Plaintiff overtime wages to which he is entitles under the NJWHL and the supporting New Jersey State Department and Labor Regulations.

56. By Defendants' knowing and/or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty hours per week, they have willfully violated N.J.S.A. § § 34:11-56a *et seq.* and N.J.A.C. § §12:56-15 *et seq.*

57. As a result of Defendants' violations of the NJWHL, Plaintiff is entitled to recover from Defendants the unpaid overtime wages, reasonable attorney's fees and costs of the action, and pre-judgement and post-judgement interest.

58. Plaintiff also seeks liquidated damages under the NJWHL.

59. Defendants' failure to comply with the NJWHL caused Plaintiff to suffer loss of wages.

60. Defendants' violated the above and Plaintiff suffered numerous damages as a result.

### AS A THIRD CAUSE OF ACTION
### FOR UNPAID WAGES
### UNDER THE NEW JERSEY PREVAILING WAGE ACT
### (AGAINST ALL DEFENDANTS)

61. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above

paragraphs of this Complaint as if more fully set forth herein at length.

62. The New Jersey Prevailing Wage Act (N.J.S.A. 34:11-56.40 *et seq.*) provides:

> (a) If any workman is paid by an employer less than the prevailing wage to which such workman is entitled under the provisions of this act such workman may recover in an civil action the amount of such prevailing wage less any amount actually paid to him or her by the employer together with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between such workman and the employer to work for less than such prevailing wage shall be no defense to the action.

63. As a result of Defendants' violations of the NJPWA, Plaintiff is entitled to recover from Defendants the unpaid wages, reasonable attorney's fees and costs of the action, and pre-judgement and post-judgement costs.

64. Defendants' failure to comply with the NJPWA caused Plaintiff to suffer loss of wages.

65. Defendants' violated the above and Plaintiff suffered numerous damages as a result.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendants in an amount to be determined at trial for all unpaid overtime, in addition to liquidated and statutory damages, attorney's fees, costs and interest and awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful wage and hour practices.

Dated:   New York, New York
         December 28, 2018

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

 /s/Zachary Holzberg
Zack Holzberg, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587- 0760